In The United States District Court For The District of Connecticut

Abisai Rodriguez,
    Plaintiff

Complaint

Civil Action No: 3:22-cv-763-MPS

-v-

John Doe #1 Correctional Officer   East Block 2;
John Doe #2 Correctional Officer   East Block 2;
John Doe #3 Lieutenant   East Block 2;
John Doe #4 Captain   East Block 2;
John Doe #5 Correctional officer   North Block 3;
John Doe #6 Lieutenant or Captain   North Block 3;
John/Jane Doe #7 Nurse;
John/Jane Doe #8 Nurse;
Sued in their individual and in their official capacities,
    Defendants

## I. JURISDICTION & VENUE

1. This civil action authorized by U.S.C. Section 1983 to redress deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and rule 65 of the Federal Rules of Civil Procedure.

2. The District of Connecticut is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to this claim occured.

## II. PLAINTIFFS

3. Abi Rodriguez, is and was at all times mentioned herein a prisoner of the Connecticut Department of Corrections. He is currently confined in Brooklyn C.I. in Brooklyn Connecticut.

## III. DEFENDANTS

4. Defendants John Doe #1, in East Block #2, is a Correctional Officer of the Connecticut Department of Corrections who, at all times mentioned in this complaint, held the position of guard and was assigned to Cheshire Correctional Institution.

5. Defendant John Doe #2, in East Block #2, is a Correctional Officer of the Connecticut Department of Corrections who, at all times mentioned in this complaint, held the position of guard and was assigned to Cheshire Correctional Institution.

6. Defendant, John Doe #3 Lieutenant, in East Block #2 is a Correctional Officer of the Connecticut Department of Corrections who, at all times mentioned in this complaint, held the position of supervising Lieutenant and was assigned to Cheshire Correctional Institution.

7. Defendant, John Doe #4 Captain, East Block #2 is a Correctional Officer of the Connecticut Department of Corrections who, at all times mentioned in this complaint, held the position of supervising Captain and was assigned to Cheshire Correctional Institution.

8. Defendant, John Doe #5 Correctional Officer, in North Block #3, is a Correctional Officer of the Connecticut Department of Corrections who, at all times mentioned in this complaint, held the position of guard and was assigned to Cheshire Correctional Institution.

9. Defendant, John Doe #6 Lieutenant or Captain in North Block #3, is a Correctional Officer of the Connecticut Department of Corrections who, at all times mentioned in this complaint, held the position of supervising Lieutenant or Captain and was assigned to Cheshire Correctional Institution.

10. Defendant, John/Jane Doe #7 Nurse, is a nurse of the Connecticut Department of Corrections who, at

all times mentioned in this complaint, held the position of nurse and was assigned to Cheshire Correctional Institution.

11. Defendant John/Jane Doe #8 Nurse, is a nurse of the Connecticut Department of Corrections who, at all times mentioned in this complaint, held the position of nurse and was assigned to Cheshire Correctional Institution.

Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## IV. FACTS

12. I, Plaintiff Abisai Rodriguez, at the time of incident was in custody and care of the state of Connecticut, Department of Corrections, and was being housed within the Cheshire Correctional Facility during all relevant times giving rise to this complaint.

13. On Sunday June 30, 2019, at approximately 11 a.m. I noticed a slightly painful skin growth about 10mm in diameter on my left leg. I first thought it to be an ingrown hair. I wrote an inmate request Form CN 9601, and dropped it in the medical box on the way to lunch.

14. Within a few hours on the same day, 6/30/19, the growth grew to about the size of a half dollar. Being that I served in the armed forces for the United States of America; I knew this to be an abnormal growth, and something I have never seen or experienced before.

15. On the next morning 7/1/19, while the first shift correctional officer was touring, I stopped him, showed him the growth, and asked him to please call medical that this is an emergency. C/O John Doe #1 told me to write medical. I assured him that I did, but this growth is unnatural. He told me there is nothing he could do. The C/O walked off.

16. I immediately wrote a request (7/1/19) inmate request form, CN 9601 a second time, and wrote emergency accross the top of the request. I stated that the growth is growing "abnormally fast", and put that it "tripled in size just from the morning time". I dropped this request in the medical box on the way to dinner. The request went unanswered by medical.

17. Later on the day around six o'clock p.m., on still the same 7/1/19 day. The growth was still growing, now reddish in color, and it was discharging fluid out of the center. This was also extremely sensitive to the touch, and very painful.

18. In the evening time on the same 7/1/19 day, on the inmates out of cell one hour tiero recreation, I showed second shift c/o John Doe #2 and asked him to please call medical. He also told me to write medical. I told him I did, but the leg has gotten worse from the morning, and now it is an emergency. The c/o John Doe #2 seen the liquid leaking from the wound, but still said "There is nothing I can do, write medical".

19. For the next three (3) days   7/2, 7/3, 7/4½ I repeated the same requests to c/o's, Lt's, and medical staff. I stopped John Doe #3, Lieutenant touring, and at some point the Captain - John Doe #4 on 7/2/19 and showed them the severity of my leg. I told them

that it is extremely painful. He seen the liquid oozing out of my leg, and I told him this is an emergency. All he said was "Write medical", and walked off. I wrote CN 9601 for for emergency request to medical staff. All inmate requests went unanswered.

20. On 7/3 or 7/4 I was moved from East Block #2, to North Block #3. Walking down the hall with all my stuff was extremely painful. Upon arriving in North Block #3 I asked John Doe #5, C/O, to please call medical. He told me "Oh, you just arrived, and already your complaining". I showed him my leg, and all C/O #3 said was "write medical, you have to be patient".

21. I notified the first shift, and second shift C/O's Lt's or Capt John Doe #6 on duty showed them the leg sore that was about 3 inches in diameter, and oozing liquid and told them it is painful and an emergency. It seems like their mantra at Cheshire C.I. is "Write Medical".

22. On Friday, 7/5/19, at morning tier-recreation while going to use the phone, C/O John Doe X stopped me because he saw my leg and for safety reasons inquired as to what happened. I told him something is wrong and this has been growing for days. I told him I wrote medical, told the C/O's and Lt's on staff, and they all told me to write medical.

23. At this time, c/o John Doe X said that it looks serious with liquid oozing out and immediately called medical.

24. On the same day 7/5/19, late in the evening time I was finally seen by medical. Some five (5) days after the initial problem. The size of the wound was professionally measured at 9x5 cm. The medical staff administered Bactrim, which didn't help, made me nauseous, and gave me severe stomach pain.

25. On 7/8/19, I seen medical for official evaluation by APRN Deborah Broadley. The size of the growth now measured 14x14 cm, now extending to my ankle. Her impression was it was cellulitis with abcess. I was ordered by her to immediately go to the hospital. Within the hour I left by state vehicle.

26. On 7/8/19 I was admitted for treatment. At this time the infection was still growing, and increased with pain. IV antibiotics were started, along with a catscan over the infected area, which was extremely painful.

27. On 7/11, 2019 I was diagnosed with MRSA, methicillin resistant staph aureus colonization. I had general surgery performed with a bedside incision, and drainage with wound packing, (packed with guage). I was

given Bactrim, and experienced nausea and vomiting. This was due to the intolerance to the medication. All the medications given this day was Vancomycin, Bactrim, doxycycline, analgesia, acetaminophen, and Oxycodone.

28. On 7/12/19 I was discharged from the hospital and returned to Cheshire C.I.

29. On 7/13/19 I started treatment at Cheshire C.I. This consisted of changing of the guaze that was stuffed inside the wound. This was done by pulling the guaze out of the open sore. This was an extremely painful experience. Also consisted of antibiotics and pain medication.

30. This treatment lasted until 8/1/2019. This infection so far has left a permanent scar, approximately 6" in diameter.

31. On 10/29/2019, I was treated again for potentially having MRSA. My left leg, potentially, infected my right leg.

32. This treatment lasted for approximately two weeks.

## V EXHAUSTION OF LEGAL REMEDIES

33. Plaintiff Abisai Rodriguez used the prisoner inmate request system, form CN 9601, and the prisoner grievance system, form CN 8901, at Cheshire Correctional Institution, to try and solve the problem. On June 30, 2019 plaintiff Abisai Rodriguez wrote an inmate request form CN 9601 requesting medical treatment. Additionally the plaintiff wrote an emergency request on the inmate request form CN 9601 on 7/1, 7/2, 7/3, 7/4 and all requests went unanswered.

34. Plaintiff Abisai Rodriguez used the prisoner grievance procedure available at Cheshire Correctional and Brooklyn Correctional to try and solve the problem. On 7/17/19 Rodriguez presented the facts relating to this complaint. Cheshire C.I. transfered plaintiff to Brooklyn on 11/15/19 without responding. On 5/25/21 plaintiff Rodriguez filed a grievance CN 9602 at Brooklyn C.I. to inquire about the grievance filed at Cheshire C.I. On 7/18/21 plaintiff Rodriguez was sent a response saying that the grievance from 2019 is beyond 30 days per AD 8.9. This grievance also stated to "use form" CN 8901 and attach the informal resolution. It is as if the grievance wasn't read at all.

35. The grievance clearly stated, "I'm trying to find

out if the grievance was filed, and if so, can I have a copy of it — and my requests - please."

36. My grievance was refiled with the CN-8901 on 7/18/21, and it stated 1) my informal resolution wasn't done — which isn't true. My request, emergency medical request, and grievance at Cheshire C.I went unanswered. Then #2 on my response was a runaround answer that "this is not diagnosis/treatment in nature". The decision is not subject to further appeal.

37. Plantiff, Abisai Rodriguez, made all attempts at an informal resolution, and formal resolution, but at Cheshire requests and grievances went unanswered.

Due to Justice v. Coughlin, III, N,94-CV-1287, 1996 U.S. Dist. Lexis 15341, at * 11 (N.D.N.Y. July 1, 1996) When an inmate sets forth a constitutional claim in a grievance to prison officials and the grievance is ignored, the inmate has the right to directly petition the government for redress of that claim. Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)

## VI LEGAL CLAIMS

38. Plaintiff reallege and incorporate by reference paragraphs 1-37

39. The deliberate indifference to medical needs violated plaintiff Abisai Rodriguez's rights and constituted cruel and unusual punishment under the Eighth (8th) Amendment to the United States Constitution.

40. The actions of defendant(s) John Doe #1-6 failure to call medical caused unecessary physical pain, permanent scarring, and constituted a serious medical need. This serious medical need was proven by doctors diagnosis of MRSA, methicillin resistant staph aureus. This medical need was one so serious that left unattended posed a substantial risk of serious harm. This medical need required hospitalization. This medical need was unecessarily delayed. This medical need was one so serious that a lay person would easily recognize the necessity for a doctor's attention

41. The actions of defendant John/Jane Doe #7, Nurse, and whomever retrieves, reviews, and schedules medical requests failure to respond on 6/30, 7/1, 7/2, 7/3, 7/4 to plaintiff's emergency inmate

request form CN 9601 caused unnecessary physical pain, permanent scarring, and constituted a serious medical need due to the immediate hospital transport. This is in contrast to their duty as a medical professional to respond to emergencies.

42. The action of defendant John/Jane Doe #8 failure to call plaintiff down to medical immediately when C/O #X called medical, alerting them to a serious medical need was a violation of their duty of a medical professional, and violated plaintiffs Eighth Amendment right.

43. Plaintiff reallege and incorporate by reference paragraphs 38-42 that the actions of all defendants mentioned above, and possibly additional to be named at a later date and their unknown names at this time until discovery, did violate plaintiff Abisai Rodriguez's Eighth Amendment right; and any unknown right at this time by:
A) Failing to care for a serious medical need.
B) Showed deliberate indifference.
C) The deliberate indifference caused injury that was more than necessary.
D) Failure to respond appropriately, or did not respond at all to plaintiff's serious medical need.
E) Denied medical treatment, whether intentional,

or unintentional.

F) Delaying treatment, which, would have prevented unnecessary growth of MRSA.

G) Scarring

H) Fell below the standard of basic prison healthcare knowing of the emergency, and failing to respond.

44) The plaintiff Abisai Rodriguez has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been irreparably injured by the conduct of the defendants and prays this court grants the declaratory, monetary, and injuctive relief which plaintiff seeks.

## VII  PRAYER FOR RELIEF

45. WHEREFORE, plaintiff respectfully prays that this court enter judgement granting plaintiff:

46. A declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution and laws of the United States.

47. A preliminary and permanent injunction ordering defendants John/Jane Doe #7 Nurse, John/Jane Doe #8 Nurse; to retraining of the protocols and follow protocols and respond within the Standard Operating Procedure the D.O.C. and Medical administration set for "responding to serious medical needs" if a correctional officer calls medical and states this is a serious medical situation. If there is not an SOP, then incorporate one that defines a "serious medical need" in definition of the law, and that medical respond within an hour if only it is not a c/o calling a medical code; that would require an immediate response.

48. A preliminary and permanent injunction ordering defendants John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6 to retrainings of the D.O.C. protocols on handling inmates with a "serious medical need."

49. After retraining is complete, the D.O.C. gives notification that it has been finished in accordance with the injunction to the court, and a copy sent to plaintiff.

50. Wave the costs of incarceration for monetary and punitive damages received.

51. Compensatory damages in the amount of $120,000.00 against defendants, jointly and severally against:
John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, John/Jane Doe #7, John/Jane Doe #8
These defendants are being sued in their individual, and official capacity for money damages and preliminary and permanent injunctions.

52. Punitive damages in the amount of $5,000.00 against each defendant:
John Doe #1, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, John/Jane Doe #7, John/Jane Doe #8
These defendants are being sued in their individual, and official capacity for money damages, and preliminary and permanent injunctions.

53. A jury trial on all issues triable by jury.

54. Courts permission to amend petition to add actual names after discovery of, and after defendant(s) have filed an answer.

55. Plaintiff costs in this suit

56. Any additional relief this court deems just, proper and equitable.

Dated: 5 May 2022

Respectfully submitted

(Sign) a. Rodz

Abisai Rodriguez    inmate # 369961
Brooklyn C.I.
59 Hartford Road
Brooklyn, CT 06234


VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and

belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Brooklyn, Connecticut on
(Date 5 May 2022)

Signature: a Rodz

Abisai Rodriguez